In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-406 CV


____________________



CRITERIUM-FARRELL ENGINEERS, Appellant



V.



RICK and KAREN OWENS, Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 07-02-02010-CV






OPINION



 In this appeal, we must determine whether the certificate of merit filed by appellees
Rick and Karen Owens in their lawsuit against appellant Criterium-Farrell Engineers
("CFE") complies with section 150.002(a) of the Texas Civil Practice and Remedies Code. 
See Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (Vernon Supp. 2007). 

 The plaintiffs considered purchasing a certain residence and hired CFE to conduct the
home inspection. The home's sellers represented in their disclosures that they were unaware
of any completed structural repairs, or that the home needed any repairs. An engineer
employed by CFE inspected the residence and his report found the residence "structurally
sound" with "no major structural problems" in the "visible framing members." The plaintiffs
purchased the residence. While moving their furnishings into the residence, they noticed
some defects in the residence and requested that CFE perform a second inspection. After
CFE's second inspection, CFE sent the sellers a letter stating that "[d]uring our revisit, we
observed a high spot on the floor on the left side of the game room." 

 The plaintiffs subsequently hired Gary Boyd, a Texas-licensed structural engineer, to
conduct a home inspection. He declared the residence "unsafe" for habitation. Numerous
subsequent inspections by licensed structural engineers identified foundation problems and
structural defects on the second floor. The inspections also revealed several failed attempts
at remediation and the attempted concealment of the defects. Home of Texas, the company
that warrantied the residence, acknowledged two major structural defects. The plaintiffs sued
CFE, the sellers of the residence, the home's builder, and Home of Texas. 

 The plaintiffs' suit against CFE alleged breach of contract, breach of warranty,
negligence, gross negligence, fraud, and violations of the Texas DTPA, pertaining to CFE's
alleged failure to perform a proper inspection. In support of the plaintiffs' negligence and
gross negligence causes of action, they attached a certificate of merit affidavit from Boyd.
CFE filed its motion to dismiss asserting Boyd's affidavit did not comport with section
150.002(a)'s requirements. See id. The plaintiffs' response contended that the affidavit did
comply with the statute, that CFE's motion to dismiss was not timely, and that CFE waived
its right to complain about the affidavit's contents because appellant invoked the judicial
process prior to moving to dismiss. (1) The trial court denied the motion to dismiss, and CFE
appeals the trial court's order. See id. at § 150.002(e). 

 CFE raises three issues on appeal. First, CFE maintains the trial court erred in
denying the motion to dismiss because 1) Boyd's certificate of merit fails to comply with
section 150.002(a), 2) there is no requirement that a defendant file its motion to dismiss
under section 150.002 before or contemporaneously with its answer, and 3) there is no
evidence that CFE intentionally relinquished its known right to contest the affidavit. 

 We review a trial court's decision to grant or deny a defendant's motion to dismiss
under section 150.002 under an abuse of discretion standard. See Palladian Bldg. Co. v.
Nortex Found. Designs, Inc., 165 S.W.3d 430, 433 (Tex. App.--Fort Worth 2005, no pet.);
Gomez v. STFG, Inc., No. 04-07-00223-CV, 2007 WL 2846419, at *3 (Tex. App.--San
Antonio Oct. 3, 2007, no pet. h.)(mem. op.). Statutory construction is a question of law we
review de novo. Palladian, 165 S.W.3d at 436. Once we determine the statute's proper
construction, we must then decide whether the trial court abused its discretion in applying
the statute. Id. 

 We must first determine whether the Boyd affidavit complies with section 150.002. 
Section 150.002 provides, in relevant part:

 § 150.002. Certificate of Merit

 (a) In any action . . . for damages arising out of the provision of
professional services by a licensed . . . professional, the plaintiff shall be
required to file with the complaint an affidavit of a third-party . . . licensed
professional engineer competent to testify, holding the same professional
license as, and practicing in the same area of practice as the defendant, . . .
[setting] forth specifically at least one negligent act, error, or omission claimed
to exist and the factual basis for each such claim. 


 . . . .

 

 (c) The defendant shall not be required to file an answer to the
complaint and affidavit until 30 days after the filing of such affidavit.

 (d) The plaintiff's failure to file the affidavit in accordance with
Subsection (a) or (b) shall result in dismissal of the complaint against the
defendant. This dismissal may be with prejudice.

 (e) An order granting or denying a motion for dismissal is immediately
appealable as an interlocutory order.


Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (c)-(e). Boyd's affidavit stated that at the
plaintiffs' request, he inspected the home and performed several elevation surveys of the
residence's first and second floors. He also reviewed CFE's report. The affidavit stated, in
relevant part, the following:

 "As a result of my investigation, after thoroughly reviewing the Criterium-Farrell report, I have determined that, at a minimum, the Criterium-Farrell
report was a) inaccurate, and b) incomplete. My reasons are as follows:"


 a) "After performing ". . . a survey of the [first] floor . . .",
Criterium-Farrell reported, ". . . a maximum elevation
change [o]f about 1.0 inch in 14 feet, measured from the
middle to the rear living room . . ." (page 6). The
Criterium-Farrell sketch, which was attached to the
report, identified the values (elevation differentials) and
the locations (distance) as stated above. The Criterium-Farrell report followed with the conclusion (also page 6)
that, ". . . foundation repairs . . . [were] . . . not . . .
warranted at this time . . .".

 

 I performed my first elevation survey on the first floor of the
subject house on January 7, 2006, approximately three months
after the Criterium-Farrell survey was performed. My survey,
at that time, revealed, in the same location as reported by the
Criterium-Farrell report, an elevation differential of 1:32 inches
and a distance between the two reference points of only 11 feet.

 

 Where as [sic] the data reported by the Criterium-Farrell report
(1.0 inch in 14 feet) calculates to a slope of only 0.6%, the actual
slope was 1.0%, two-thirds greater. The inaccuracy is
significant since Criterium-Farrell considers that, ". . .
differentials of less than 1 inch in 10 feet [are] acceptable . . .". 
The inference is that, if Criterium-Farrell had measured a slope
greater ". . . than 1 inch in 10 feet . . .", the report would have
concluded that foundation repairs were warranted.


 I considered that the foundation had possibly moved subsequent
to the Criterium-Farrell survey. I therefore re-surveyed the
subject area four months later on May 12, 2006, which was eight
months after the Criterium-Farrell survey. I measured the same
values. The foundation had not moved.

 

 Also, if the foundation had actually moved an additional 67% in
only 3 months, the radical increase would have, most likely,
been evidenced by visible distress, however, there were no
apparent indications of any subsequent movement.

 

 And, even realizing the accuracy of the instruments (+/- 1/8
inch) and adding 1/8 inch to the differential provided in the
Criterium-Farrell report and removing 1/8 inch from my
measured differential, the calculated slopes of 0.67% vs. 0.91%,
respectively, are still disproportionate with the actual slope still
indicating a 36% increase over the reported values. The 0.91%
still exceeds the reports criteria of "1.0 inch in 14 feet". 

 

 . . . . 

 

 b) "I also performed an elevation survey of the second floor of the
subject residence. The Criterium-Farrell report did not mention
surveying the second floor. My survey revealed a total
differential in elevation of 3 1/4 inches in one room, the Game
Room, across a distance of approximately 21 feet. The 3 1/4
inches in 21 feet represents a slope of almost 1.3% which is
beyond any reasonable tolerance. I also measured a differential
of over 2 inches in only 16 feet in the right-rear bedroom, which
calculated to 1.1%, again, beyond any reasonable tolerance. In
fact, the excessive slopes of the floor surfaces on the second
floor were immediately apparent to me in more than one area
simply by walking across those floors. 

 

 The Criterium-Farrell report stated, ". . . some details of
workmanship and materials will be examined more closely in
higher quality homes where such details of workmanship and
materials typically become more relevant . . ." (page 3). The
subject residence would, in my opinion, represent a "higher
quality home". It is therefore my professional opinion that the
Criterium-Farrell inspection should have included an elevation
survey of the second floor.

 

 It is also my professional opinion that, if the Criterium-Farrell
inspection had included a minimal elevation survey of the
second floor, the excessive elevations of the floors would have
been discovered.

 

 It is also my professional opinion that any prudent inspector who
is duly qualified and experienced and is in the line of work of
inspecting residences for the consideration of purchase, would
have sensed the excessive slopes of the second floor simply by
walking across the floors.


CFE contends section 150.002(a) requires the certificate of merit to state that CFE was
negligent and the factual basis for such alleged negligent act. CFE argues that because
Boyd's affidavit only concludes that CFE's report was "inaccurate" and "incomplete," the
trial court erroneously concluded that the certificate of merit complied with section
150.002(a) in denying its motion to dismiss. The plaintiffs argue that no "magic words" are
necessary and that Boyd's affidavit sets forth specifically "at least one negligent act, error,
or omission" as required by the statute. 

 In arguing that section 150.002(a) requires the certificate of merit to state that the
defendant was "negligent," CFE asserts that the legislature's intent in enacting chapter 150
is the same as its intent in enacting the statutory requirements regarding expert reports in
health care liability claims. Section 74.351(r)(6) of the Texas Civil Practice and Remedies
Code specifically requires that an expert report in a health care liability suit set out "a fair
summary of the expert's opinions as of the date of the report regarding applicable standards
of care, the manner in which the care rendered by the physician or health care provider failed
to meet the standards, and the causal relationship between that failure and the injury, harm,
or damages claimed." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (Vernon Supp.
2007). Although CFE acknowledges that the court in Palladian recognized that no
legislative history exists regarding the legislature's intent in enacting Chapter 150, CFE
contends that the purpose of the certificate of merit in chapter 150 cases is the same as the
purpose of the expert report in health care liability suits--to inform the defendant of the
specific conduct the plaintiff has called into question and to provide a basis for the trial court
to conclude that the plaintiff's claims have merit. CFE argues that the same policy is served
for claims brought under Chapter 150, and therefore, a certificate of merit filed pursuant to
section 150.002 must conclude that the defendant was "negligent." 

 We agree that the purpose of the certificate of merit is to provide a basis for the trial
court to conclude that the plaintiff's claims have merit. In determining the plain meaning of
a statute, we are guided by section 311.011 of the Texas Government Code (the Code
Construction Act), which provides for the common and technical use of the words in the
Code. Tex. Gov't Code Ann. § 311.011 (Vernon 2005). Every word of a statute must be
presumed to have been used for a purpose, and every word excluded from a statute must also
be presumed to have been excluded for a purpose. Laidlaw Waste Sys., Inc. (Dallas) v. City
of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995). Unlike section 74.351, section 150.002(a)
requires only that the certificate of merit set out "at least one negligent act, error, or omission
claimed to exist and the factual basis for each such claim." Tex. Civ. Prac. & Rem. Code
Ann. §§ 74.351, 150.002 (Vernon Supp. 2007). Negligence is conduct that falls below the
applicable standard of care. Therefore, the certificate of merit must necessarily address the
applicable standard of care and the defendant's failure to meet the standard.

 Boyd's affidavit stated (1) the inspector erred in measuring the first floor elevation;
(2) had the engineer accurately measured the slope, the report would have concluded that
repairs were warranted by CFE's own reported standards; (3) CFE omitted an inspection of
the residence's second floor which should have been performed; and (4) had the second-floor
inspection been performed, a prudent engineer would have discovered the excessive slope. 
Boyd's affidavit set forth "at least one negligent act, error, or omission claimed to exist" and
the "factual basis for each such claim" in compliance with section 150.002(a). Tex. Civ.
Prac. & Rem. Code Ann. § 150.002(a). We find the trial court did not abuse its discretion
in applying the statute and denying CFE's motion to dismiss. We overrule appellant's first
issue. 

 Since we find the trial court did not err in denying the motion to dismiss because
Boyd's affidavit complied with section 150.002, we do not reach appellant's second and third
issues. The trial court's order denying appellant's motion to dismiss is affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on December 13, 2007

Opinion Delivered February 14, 2008


Before Gaultney, Kreger, and Horton, JJ.
1. As to the waiver argument, the plaintiffs stated in their response that CFE's general
denial and subsequent response to the plaintiffs' motion to compel arbitration invoked the
judicial process.