Reversed and Remanded, and Majority and Concurring Opinions filed August
10, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00645-CV

___________________

 

Sharp Engineering and Pradeep Shah,
Appellants

 

V.

 

Sergio R. Luis and Judith Yanet Delgado,
Individually and as Next Friend of Sergio Luis Delgado, Jackeline Luis and
Johnatha Luis, Minors, Appellees



 



 

On
Appeal from the 133rd Judicial District Court

Harris County,
Texas



Trial Court Cause No. 2009-10120

 



 

 

CONCURRING  OPINION

I
respectfully concur.  I write separately to note my concerns about the
operation and efficacy of this statute.  Its ostensible purpose is to provide a
mechanism for the threshold elimination of meritless claims against certain
professional service providers.[1] 
That is, of course, a legitimate legislative purpose.  However, as this case
illustrates, the actual application of this statute is fraught with ambiguity and potentially unintended
consequences.

On its face, the statute
is hardly a model of clarity, and it has
already spawned a fairly impressive volume of litigation in its short history.[2]  Recent cases have
raised some significant issues of statutory construction, including the
following:

·       
What constitutes an adequate “factual basis” for the mandated
certificate of merit;[3]

·       
Whether a certificate of merit must reference some relevant “standard
of care” for the professional;[4]

·       
Whether the statements contained in a certificate of merit must
meet standards of evidentiary admissibility;[5]

·       
Whether a certificate of merit is required in non-negligence
cases against a professional;[6]

·       
What is the scope of the limited good cause exception to extend
the deadline for the filing of a certificate of merit;[7]

·       
Whether the statute extends to claims against non-resident
professionals;[8]
and

·       
Whether any deadline exists for a defendant to move for dismissal.[9]

More
litigation is almost certain to follow in light of the statute’s opaqueness and
ambiguity.

And the construction and
application of the statute in this case is particularly troubling.  As noted,
its apparent purpose is to screen meritless claims.  See Criterium-Farrell
Eng’rs, 248 S.W.3d at 399.  However, counsel for the defendant acknowledged
in oral argument that he does not actually contend in his motion to dismiss (or
this appeal) that the plaintiff’s claim is meritless.  Instead, his argument is
simply that the statute, properly construed, is utterly unforgiving and procedurally
draconian in the context of this case.

Unfortunately, as it
turns out, he is correct.  As the majority notes, the literal language of the statutory
provision in question seemingly cannot be reconciled with any other
construction or result.  And we are bound by the rules of statutory
construction – even though it would appear that the legislative draftsmanship
has yielded in this case only a statute that is a trap for the unwary[10] rather than a
screen for meritless claims.

One can only hope that the
Legislature will recognize the need for significant revisions to this statute. 
Other states have enacted similar statutes,[11]
and they have generally included more comprehensive frameworks for the
threshold screening of claims.[12] 
Texas is also not new to this arena; it has substantial experience with the
statutory regulation of medical-malpractice claims.[13]  Hopefully, one
or more of these statutes can provide a roadmap to a revised Texas statute in
which purpose and application more closely align.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.  (Boyce, J., majority).  

 









[1] See Criterium-Farrell
Eng’rs v. Owens, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.); but
see Palladian Bldg. Co. v. Nortex Found. Designs, Inc., 165 S.W.3d 430, 436
(Tex. App.—Fort Worth 2005, no pet.) (“[N]o legislative history exists
regarding the legislature’s intent in enacting the statute, and . . . the
statute itself does not reflect its purpose or include a stated policy.”).





[2] See Benchmark Eng’g
Corp. v. Sam Houston Race Park, ___ S.W.3d ___, 2010 WL 1709225 (Tex.
App.—Houston [14th Dist.] Apr. 29, 2010, no pet.); Hughes v. Bay Area
Montessori House, Inc., No. 14-09-00410-CV, 2010 WL 862861 (Tex.
App.—Houston [14th Dist.] March 11, 2010, no pet.) (mem. op.); Found.
Design, Ltd. v. Barzoukas, No. 14-08-00485-CV, 2009 WL 1795130 (Tex.
App.—Houston [14th Dist.] June 25, 2009, no pet.) (mem. op.); Ustanik v.
Nortex Found. Designs, Inc., ___ S.W.3d ___, 2010 WL 2404453 (Tex.
App.—Waco June 16, 2010, no pet. h.); UOP, L.L.C. v. Kozak, No.
01-08-00896-CV, 2010 WL 2026037 (Tex. App.—Houston [1st Dist.] May 20, 2010, no
pet. h.) (mem. op.); Curtis & Windham Architects, Inc. v. Williams,
___ S.W.3d ___, 2010 WL 670584 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no
pet.); Ashkar Eng’g Corp. v. Gulf Chem. & Metallurgical Corp., No.
01-09-00855-CV, 2010 WL 376076 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no
pet.) (mem. op.); DLB Architects, P.C. v. Weaver, 305 S.W.3d 407 (Tex.
App.—Dallas 2010, pet. denied); JNY, L.P. v. Raba-Kistner Consultants, Inc.,
311 S.W.3d 584 (Tex. App.—El Paso 2010, no pet.); WCM Group, Inc. v. Brown,
305 S.W.3d 222 (Tex. App.—Corpus Christi 2009, pet. dism’d); WCM Group, Inc.
v. Camponovo, 305 S.W.3d 214 (Tex. App.—Corpus Christi 2009, pet. dism’d); Parker
County Vet’y Clinic, Inc. v. GSBS Batenhorst, Inc., No. 2-08-380-CV, 2009
WL 3938051 (Tex. App.—Fort Worth Nov. 19, 2009, rule 53.7(f) motion granted)
(mem. op.); Landreth v. Las Brisas Council of Co-Owners, Inc., 285
S.W.3d 492 (Tex. App.—Corpus Christi 2009, no pet.); Consol. Reinforcement,
L.P. v. Carothers Executive Homes, Ltd., 271 S.W.3d 887 (Tex. App.—Austin
2008, no pet.); Criterium-Farrell Eng’rs, 248 S.W.3d 395; Gomez v.
STFG, Inc., No. 04-07-00223-CV, 2007 WL 2846419 (Tex. App.—San Antonio Oct.
3, 2007, no pet.) (mem. op.); Kniestedt v. Sw. Sound & Elecs., Inc.,
281 S.W.3d 452 (Tex. App.—San Antonio 2007, no pet.); Palladian Bldg. Co.,
165 S.W.3d 430.





[3] Benchmark, ___
S.W.3d ___, 2010 WL 1709225, at *6; see Tex. Civ. Prac. & Rem. Code
Ann. § 150.002(b) (Vernon Supp. 2009).





[4] Benchmark, ___
S.W.3d ___, 2010 WL 1709225, at *4–5 (holding certificate need not recite
standard of care); but see Criterium-Farrell Eng’rs, 248 S.W.3d at 400
(“[T]he certificate of merit must necessarily address the applicable standard
of care . . . .”).





[5] Benchmark, ___
S.W.3d ___, 2010 WL 1709225, at *5.





[6] Parker County Vet’y Clinic,
2009 WL 3938051, at *3; Gomez, 2007 WL 2846419, at *2–3; Kniestedt,
281 S.W.3d at 455.





[7] Brown, 305 S.W.3d
at 230; see Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c).





[8] DLB Architects,
305 S.W.3d at 411.





[9] Id. (“[T]he
statute does not contain any deadline for requesting dismissal.”); Landreth,
285 S.W.3d at 500; Palladian Bldg. Co., 165 S.W.3d at 434–35.  The
omission of any such deadline is disconcerting because it may encourage a
defendant to wait for limitations to expire before requesting dismissal, thus
rendering illusory the statute’s option of dismissal without prejudice.  See
Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e).





[10] The lack of any
meaningful opportunity to cure is particularly troubling given chapter 150’s
relative obscurity.  Notwithstanding its applicability to negligence actions
against design professionals, the statute is not grouped with similar statutes
in Title 4 of the Civil Practice and Remedies Code – called “Liability in Tort”
– although the legislature left room in that section for expansion.  See
Tex. Civ. Prac. & Rem. Code Ann. tit. 4 (Vernon 2005).  Instead, chapter
150 may be found among the Code’s “Miscellaneous Provisions” in Title 6,
where its unexpected neighbors consist of statutes regarding the Y2K computer
problem and corporate successors’ asbestos-related liability.  See id.
tit. 6 (Vernon 2005).  

And, unlike its comprehensive medical-malpractice
counterpart, chapter 150 primarily affects only one small – but crucial – part
of an engineering-malpractice action.  Compare Tex. Civ. Prac. &
Rem. Code Ann. §§ 74.001–.507 (Vernon 2005 & Supp. 2009) (governing both
substance and procedure of medical-liability suits) with Tex. Civ. Prac.
& Rem. Code Ann. §§ 150.001–.003 (Vernon 2005 & Supp. 2009) (covering
only certificates of merit and liability during a disaster).  Thus, its obscure
location and limited application may prevent prudent attorneys from even knowing
of the statute’s existence and the requirement of a certificate of merit. 
Respectfully, the legislative purpose of filtering between meritorious and
frivolous claims is not well served by an obscure, hard-to-find statute that
offers no quarter even for an attorney’s inadvertence.  Cf., e.g., Ga.
Code Ann. § 9-11-9.1(f) (2006) (permitting plaintiff to cure inadvertent
failure to file expert’s affidavit).





[11] See Del. Code
Ann. tit. 18, § 6853 (Supp. 2008); Ga. Code Ann. § 9-11-9.1; Mich. Comp. Laws §
600.2912d; N.J. Stat. Ann. § 2A:53A-27; N.Y. C.P.L.R. § 3012-a; Ohio Civ. R.
10(D)(2); Pa. R.C.P. 1042.3.





[12] The Georgia model, for
example, encompasses malpractice claims against twenty-six categories of
licensed professionals, including architects and engineers, accountants,
lawyers, nurses, and medical doctors.  See Ga. Code Ann. § 9-11-9.1(g). 
In some ways, chapter 150 resembles a pared-down version of the Georgia
statute, employing similar language and procedural requirements.  Compare
id. with Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–.002.  Notably,
under Georgia law, a claimant may revive a professional-liability action that
has been dismissed, even after the expiration of limitations, if the initial
failure to file the expert’s affidavit resulted from mistake or inadvertence,
as apparently occurred here.  See Ga. Code Ann. §§ 9-11-9.1(f),
9-2-61(a); see also, e.g., N.J. Stat. Ann. § 2A:53A-27 (allowing trial
court to grant one extension, upon a finding of good cause, to file report);
Pa. R.C.P. 1042.3(d) (permitting trial court to extend filing deadline 60 days
for “good cause shown”).  





[13] See Tex. Civ.
Prac. & Rem. Code Ann. §§ 74.001–.507.