

## NUMBER
## 13-11-00324-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CHARLES DURIVAGE, P.E.,**                            **Appellant,**

**v.**

**LA ALHAMBRA CONDOMINIUM**
**ASSOCIATION,**                                      **Appellee.**

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Justice Garza**

In this interlocutory appeal, appellant Charles Durivage, P.E. challenges the trial court's denial of his motion to dismiss the claims brought by appellee, La Alhambra Condominium Association ("La Alhambra"). By three issues, Durivage argues that the trial court abused its discretion by concluding that the affidavit filed by La Alhambra was

sufficient to serve as a certificate of merit for purposes of section 150.002 of the civil practice and remedies code.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West 2011).  We affirm in part and reverse and remand in part.

## I. Background

In 2005, La Alhambra hired Durivage, a professional engineer, to inspect the roof of a condominium building it was developing in Brownsville, Texas.  Durivage certified that the roof complied with applicable roofing windstorm standards.  In July 2008, Hurricane Dolly caused damage to the building.  La Alhambra subsequently sued Durivage for negligence, gross negligence, and breach of contract, alleging that he failed to properly inspect and certify the roof.[1]

La Alhambra's second amended original petition, filed on November 1, 2010, included an affidavit executed by Richard T. Frantz, a professional engineer.  The affidavit stated, in its entirety, as follows:

> My name is Richard T. Frantz, P.E.  I am of sound mind, over the age of eighteen (18) and am competent in all respects to make this Certificate of Merit and testify.
>
> I hold the same professional license or registration as the defendant and am knowledgeable in the area of practice of the defendant.  I offer testimony based on my knowledge, skill, experience, education, training, and practice.  My curriculum vitae is attached as a part of this certification of merit.[2]
>
> I am licensed and registered in the State of Texas and am actively engaged in the practice of engineering.

---

[1] La Alhambra's original petition named only its insurer, Texas Windstorm Insurance Association ("TWIA"), as a defendant.  La Alhambra's second amended petition named Durivage as well as TWIA and the builder of the condominiums, Hispania Development Company ("Hispania"), as defendants.  Neither TWIA or Hispania are parties to this appeal.

[2] Frantz's curriculum vitae does not appear in the record before this Court.  However, a curriculum vitae is not required under the relevant statute.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West 2011).

I am familiar with the standard of care in the practice of engineering. Charles M. Durivage, P.E. failed to exercise reasonable care and diligence and committed errors while he was in responsible charge of inspecting and certifying the roofing installation in Building B (Units 3 & 4) in 2004, Building C (Units 5 & 6) in 2005 and Building A (Units 1 & 2), Building D (Units 7, 8 & 9), and Building G (Unit 16) in 2006 of the La Alhambra condominiums property located at 2200 Laredo Road, Brownsville, Texas. Specifically, Charles M. Durivage, P.E. failed to ensure the roofing installation in 2004 and 2005 conformed to the International Building Code (IBC) or the International Residential Code (IRC). Charles M. Durivage, P.E. did not ensure the roof installation complied with the IBC or IRC, and Texas Department of Insurance certificate. The new tile roof on the units, as installed, was insufficient to withstand code[-]specified wind speed requirements.

Durivage moved to dismiss La Alhambra's suit on the basis that the affidavit did not meet the requirements for a certificate of merit as set forth in chapter 150 of the civil practice and remedies code. *See id.* After a hearing, the trial court denied the motion. This interlocutory appeal followed. *See id.* § 150.002(f) (authorizing immediate appeal of interlocutory order denying motion to dismiss for failure to file certificate of merit).

## II. DISCUSSION

### A. Applicable Law and Standard of Review

Section 150.002 of the civil practice and remedies code states:

In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor . . . .

*Id.* § 150.002(a).[3] The affiant must (1) be competent to testify, (2) hold the same professional license or registration as the defendant, and (3) be knowledgeable in the area of practice of the defendant and offer testimony based on the person's knowledge,

---

[3] This opinion uses the current version of the statute as amended by the Legislature in 2009. Though La Alhambra's cause of action arguably accrued as early as 2005, the 2009 amendments apply to any "action filed or commenced on or after [September 1, 2009]," such as La Alhambra's. Act of June 19, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 TEX. SESS. LAW SERV. 1989, 1990 (West).

3

skill, experience, education, training, and practice.  *Id.*  The affiant must also be licensed or registered in Texas and be "actively engaged" in his practice.  *Id.*

> To qualify as a certificate of merit under the statute, the affidavit must
>
> set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*Id.* § 150.002(b).  If a plaintiff fails to file an affidavit in accordance with these requirements, the trial court must dismiss the complaint.  *Id.* § 150.002(e).

We review a trial court's ruling on a motion to dismiss under section 150.002 for an abuse of discretion.  *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  A trial court abuses its discretion if it fails to analyze or apply the law correctly.  *Id.*  To the extent the issues presented require us to construe the statute, we essentially conduct a de novo review.  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) ("A trial court has no 'discretion' in determining what the law is or in applying the law to the facts.").

**B.    Analysis**

Durivage first contends that Frantz's affidavit does not comply with section 150.002 because it contains conclusory statements.  An expert's opinion is conclusory if it "state[s] a conclusion without any explanation" or "express[es] a factual inference without stating the underlying facts on which the inference is based."  *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389, 390 n.32 (Tex. 2008).  Conclusory statements in expert affidavits have been considered insufficient to raise a question of fact at the summary judgment stage, *see McIntyre v. Ramirez*, 109

4

S.W.3d 741, 749 (Tex. 2003), and will be legally insufficient to support a trial verdict, *see Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 229 (Tex. 2004). However, Durivage directs us to no authority, and we find none, establishing that a certificate of merit must fail if its statements are conclusory, or even that it must comply with rules of evidence. *See Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 47 (Tex. App.—Houston [14th Dist.] 2010, pet. granted, judgm't vacated w.r.m.) ("[T]he legislature did not include a requirement that statements in a certificate of merit must be competent as evidence when the affiant provides the 'factual basis' for claims.").

Durivage next argues that the affidavit fails because it does not "show" that Frantz possesses the requisite qualifications. In *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 499 (Tex. App.—Corpus Christi 2009, no pet.), we held that a certificate of merit failed under the 2005 version of the statute because it did not state or show that the affiant was practicing in the same area as the defendant. In comparison, Frantz's affidavit explicitly stated, under oath, that he possessed the requisite qualifications. Though Frantz's statements regarding his qualifications are indeed conclusory, no further or more detailed proof of Frantz's credentials was required.

Finally, Durivage argues that Frantz's affidavit fails because it "provides no factual basis" for La Alhambra's three causes of action. "Factual basis" is not defined in the statute, but courts have held that the purpose of the certificate of merit "is to provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 400 (Tex. App.—Beaumont 2008, no pet.); *see Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, No. 03-10-

5

00805-CV, 2011 Tex. App. LEXIS 3063, at *4 (Tex. App.—Austin Apr. 20, 2011, pet. denied) (mem. op.). Our evaluation of whether a "factual basis" has been established should be performed with this purpose in mind. *See* TEX. GOV'T CODE ANN. § 312.005 (West 2005) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy.").

Frantz stated in his affidavit that Durivage breached the applicable standard of care by certifying the roof as code-compliant even though it "was insufficient to withstand code[-]specified wind speed requirements." Though Durivage suggests that Frantz was obligated to state precisely how the roof was insufficient and to specify which code provisions it violated, the statute does not explicitly require such details. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). The requirement to show a "factual basis" is less onerous than that imposed on, for example, health care liability plaintiffs. *Compare id.* (requiring affidavit establishing "factual basis" for each claim) *with id.* § 74.351(r)(6) (West 2011) (requiring plaintiff in a suit against a health care provider to serve an expert report "that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed"). Frantz's affidavit explains that Frantz is familiar with the applicable standard of care and how Durivage allegedly breached that standard. *See, e.g., IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004) ("The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach."); *see also Criterium-Farrell Eng'rs*, 248 S.W.3d at 400 (holding that, with respect to negligence claims, "the

6

certificate of merit must necessarily address the applicable standard of care and the defendant's failure to meet the standard"). The affidavit therefore provides a sufficient "factual basis" for La Alhambra's negligence claim because it gives the trial court a basis to conclude that the claim has merit. *See Criterium-Farrell Eng'rs*, 248 S.W.3d at 400.

However, unlike the 2005 version of the statute, the current version of the statute—the one applicable to La Alhambra's suit—requires that the affiant set forth a factual basis for "*each* theory of recovery for which damages are sought." *Id.* § 150.002(b) (emphasis added); *see* Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 TEX. SESS. LAW SERV. 369, 370 (West) (requiring that affidavit "set forth specifically *at least one* negligent act, error, or omission claimed to exist and the factual basis for each such claim" (emphasis added)). Frantz's affidavit does not state any factual basis for La Alhambra's gross negligence cause of action. *See, e.g., Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008) ("Two elements comprise gross negligence. First, viewed objectively from the actor's standpoint, the act or omission complained of must depart from the ordinary standard of care to such an extent that it creates an extreme degree of risk of harming others. . . . Second, the actor must have actual, subjective awareness of the risk involved and choose to proceed in conscious indifference to the rights, safety, or welfare of others."). Nor does the affidavit provide any factual basis for La Alhambra's breach of contract claim, because it does not state any facts regarding the existence or breach of any contract.[4]

---

[4] We note that the 2009 amendments to section 150.002 altered the statute so that it now clearly applies to causes of action other than negligence. *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 ("The affidavit shall set forth specifically *for each theory of recovery for which damages are sought*, the negligence, if any, *or other action, error, or omission* of the licensed or registered professional in providing the professional service . . . ." (emphasis added)) *with* Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2,

*See, e.g., Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.) ("The elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."). The affidavit fails to state a "factual basis" for those claims because it does not give the trial court a basis to conclude that the claims have merit. *See Criterium-Farrell Eng'rs*, 248 S.W.3d at 400. Because the affidavit is deficient as to those claims, the trial court was without discretion to deny Durivage's motion to dismiss those claims.

## III. CONCLUSION

We reverse that portion of the trial court's judgment denying Durivage's motion to dismiss the gross negligence and breach of contract claims brought by La Alhambra, and we remand for determination of whether the dismissal of those claims shall be with or without prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (stating that dismissal for failure to file a certificate of merit in accordance with the statute "may be with prejudice"). The remainder of the trial court's judgment is affirmed.

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
21st day of December, 2011.

---

2005 TEX. SESS. LAW SERV. 369, 370 (West) (requiring that affidavit "set forth specifically at least one *negligent* act, error, or omission claimed to exist and the factual basis for each such claim" (emphasis added)). Accordingly, the certificate of merit requirement of section 150.002 applies to La Alhambra's gross negligence and breach of contract claims.

8