**AFFIRM; and Opinion Filed July 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00863-CV

### EMERALD WACO INVESTMENTS, LTD., Appellant

### V.

### DAVID RANDOLPH PETREE, RPLS, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-04276**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Lang-Miers

In two issues, appellant Emerald Waco Investments, Ltd. argues that the trial court abused its discretion by dismissing appellant's petition for failure to comply with the certificate of merit filing requirement in civil practice and remedies code section 150.002. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

### BACKGROUND

Appellant sued appellee David Randolph Petree, RPLS, claiming that he was negligent and breached their contract. Appellee is a registered professional land surveyor and the claims arise out of a topographical survey that appellee prepared for appellant. Appellant filed the original petition on April 15, 2015, which is the two-year anniversary of the date on the survey,

April 15, 2013.  In the original petition, appellant stated, "Plaintiff will file a certificate of merit in conjunction with this suit."  Appellant did not otherwise mention the certificate of merit in its original petition.

Twenty-two days later, appellant filed its first supplement to its original petition.  It included the following language:

> 1.      On April 15, 2015, EWI filed the instant lawsuit against Petree asserting claims of negligence and breach of contract in connection with Petree's survey services.  Petree is a Registered Professional Land Surveyor.  Thus, TEXAS CIVIL PRACTICE[] AND REMEDIES CODE §[ ]150.002 required EWI's petition to include an affidavit of a similarly licensed professional setting forth acts or omissions supporting the merits of EWI's claims (an "Affidavit of Merit").  Alternatively, in cases in which the statute of limitations will expire within ten (10) days of the filing, the Affidavit of Merit may be filed by filing a supplemental pleading within thirty (30) days of the original filing.  TEX. CIV. P[RAC]. & REM. CODE ANN. §[ ]150.002(c).

> 2.      EWI filed the instant lawsuit on April 15, 2015, without an Affidavit of Merit because of concerns that the statute of limitations on EWI's negligence claim might expire before the Affidavit of Merit could be obtained—the survey was dated April 15, 2013.  Therefore, in compliance with TEXAS CIVIL PRACTICE AND REMEDIES CODE §[ ]150.002, EWI files this First Supplement to its Original Petition to include its Affidavit of Merit.  A true and correct copy of the Affidavit of Merit [p]ursuant to C.P.R.C. § 150.002 is attached hereto as Exhibit "A."

An Affidavit of Merit was attached to the supplemental petition.

Appellee filed a motion to dismiss in which he argued that "no certificate of merit is attached to the Plaintiff's Original Petition as required by Texas law."  Appellee stated that there "is a provision in the statute which indicates that the contemporaneous filing requirement is modified if limitations 'will expire within 10 days of the date of filing' and the exemption is specifically called to the attention of the Court."  Appellee argued that the exemption "is not applicable in this instance" for various reasons, including that the "application of the 'good cause' exemption is not specifically addressed in the Plaintiff's Original Petition filed on April 15, 2015."  Appellee requested dismissal of appellant's "cause of action against Defendant

–2–

Petree with prejudice."[1]    In response, appellant argued that it did not have to allege in the Plaintiff's Original Petition that "the affidavit could not be filed contemporaneously due to time constraints" and "every Texas case has decided this exact question contrary to" appellee's position.

The trial court granted appellee's motion to dismiss.  Appellant then filed this appeal.

### STANDARD OF REVIEW AND RULES OF STATUTORY CONSTRUCTION

Generally, we review the trial court's grant of a motion to dismiss under chapter 150 of the civil practice and remedies code under an abuse of discretion standard.  *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 220 (Tex. App.—Dallas 2010, no pet.).    However, appellant's arguments concerning section 150.002(c) are questions of statutory construction and application, which we review de novo.  *See DHM Design v. Morzak*, No. 05-15-00103-CV, 2015 WL 3823942, at *2 (Tex. App—Dallas June 19, 2015, pet. filed) (mem. op.); *Belvedere*, 329 S.W.3d at 220.  Once we determine the proper construction of the statute, we then determine whether the trial court abused its discretion in applying the statute. *Palladium Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 436 (Tex. App.—Fort Worth 2005, no pet.).

When we interpret a statute, our goal is to ascertain and effectuate the legislature's intent. *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pet. denied).  We consider the plain meaning of the text as the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning yields absurd or nonsensical results.  *Id.*  We consider statutes as a whole rather than by their isolated provisions and "endeavor to read the statute contextually, giving effect to every word, clause, and sentence."  *Id.* (quoting *In re Office of Attorney Gen.*, 422 S.W.3d 623, 629 (Tex.

---

[1] Appellee also filed a first supplement to his motion to dismiss.

2013) (orig. proceeding)). In addition, in construing a statute, we may consider—among other matters—the object that the legislature sought to accomplish and the consequences of a particular interpretation. TEX. GOV'T CODE ANN. § 311.023 (West 2013); *see Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist.*, 471 S.W.3d 577, 580 (Tex. App.—Dallas 2015, pet. filed).

## SECTION 150.002

Section 150.002 of the civil practice and remedies code states the requirement for a certificate of merit in any action "for damages arising out of the provision of professional services by a licensed or registered professional." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.002 (West 2011). This requirement applies to lawsuits against registered professional land surveyors. *Id.* The certificate must be in the form of an affidavit of a third-party professional and support the plaintiff's theory of recovery. *Id.* § 150.002(a), (b); *see DHM*, 2015 WL 3823942, at *2. "[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 425 (Tex. App.—Dallas 2012, no pet.) (quoting *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.)). "The plaintiff's failure to file the affidavit in accordance with" section 150.002 "shall result in dismissal of the complaint against the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). "This dismissal may be with prejudice." *Id.*

## EXTENSION OF TIME TO FILE CERTIFICATE OF MERIT

Section 150.002 requires that the plaintiff file the certificate of merit "with the complaint" in an action for damages arising out of the provision of professional services by a licensed or registered professional and refers to this requirement as "[t]he contemporaneous filing requirement." *Id.* § 150.002(a), (c). It is undisputed that appellant was required to file a

certificate of merit in connection with this lawsuit and that it did not file the certificate with its original petition. But appellant contends that it satisfied the requirements of section 150.002(c),[2] which provides:

> (c)     The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

*Id.* § 150.002(c).

## Arguments

Appellant argues that the trial court abused its discretion when it granted appellee's motion to dismiss because what it filed satisfied the requirements of section 150.002(c). Appellant argues that "[t]he plain language of the statute does not require the invocation to be in the first-filed pleading nor has any court so held." In addition, appellant argues that, even if section 150.002(c) requires that the time constraint allegation be in the first-filed petition, appellant satisfied that requirement in its original petition by stating that appellant "will file a certificate of merit in conjunction with this suit" and filing on the two-year anniversary of the survey date when the petition included a claim with a two-year statute of limitation.

Appellee argues that appellant did not satisfy the requirements of section 150.002(c) because it did not allege in the first-filed petition that an affidavit of a third-party professional could not be prepared because of time constraints imposed by the period of limitations. He argues that filing the certificate of merit late with a supplemental pleading filed within thirty

---

[2] Because our disposition on this question is dispositive, we do not consider appellant's other arguments that it satisfied the requirements of section 150.002.

days of the original filing did not satisfy the requirements of section 150.002(c). He also argues that cases from the Texas Supreme Court and this Court support his position. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390–91 (Tex. 2014); *DHM*, 2015 WL 3823942, at *3–4.

## Analysis

Appellant argues that section 150.002(c) did not require it to make the limitations allegation in its original petition in order to trigger the thirty-day extension to file its certificate of merit. It relies on *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 270–73 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd), and *Nangia v. Taylor*, 338 S.W.3d 768, 772 (Tex. App.—Beaumont 2011, no pet.), to support its position. In *Epco*, the court considered whether the plaintiffs were required to make this allegation in the first-filed pleading. 352 S.W.3d at 270. The plaintiffs did not file a certificate of merit contemporaneously with their original petition or allege in the petition that they could not prepare a certificate of merit because of time constraints. *Id.* at 268. The court held that the statute does not require a plaintiff to make its time-constraint allegation under subsection (c) in the first-filed petition. *Id.* at 269. It concluded that neither the statute's plain language nor its overall purpose "suggests that this allegation must be made in the first-filed petition." *Id.* at 270.[3]

In *Nangia*, appellee Taylor did not file a certificate of merit with the first pleading in which appellant Nangia was a defendant—his second amended petition. 338 S.W.3d at 770. But within thirty days, Taylor filed a third amended petition with the certificate attached and the third amended petition explained that his "failure to contemporaneously file the certificate-of-merit affidavit with the second amended petition was due to a pending limitations deadline." *Id.* The

---

[3] In the dissent, Justice Frost concluded that the majority's interpretation of subsection (c) is "facially incongruent with the unambiguous words of the statute." *Id.* at 275 (Frost, J., dissenting). Justice Frost concluded that the "plain language of subsection (c) requires the [limitations allegation] to be made in the first-filed pleading." *Id.* Justice Frost concluded that section 150.002(c) is unambiguous and "susceptible to only one reasonable interpretation": the allegation of an inability to file a certificate of merit "must be made when suit is filed." *Id.* at 276–77.

trial court denied Nangia's motion to dismiss for Taylor's failure to file a certificate of merit with the first-filed pleading against Nangia. *Id.* On appeal, the court concluded that, as the court "underst[oo]d the statute," if the plaintiff does not file the certificate of merit with the initial petition against the professional, then "the affidavit is timely only if, within thirty days of that initial filing, the plaintiff satisfies the statutory exception." *Id.* at 772. The court held that the trial court did not abuse its discretion in concluding Taylor met the section 150.002 filing requirement because his amended petition—filed within thirty days of the initial filing against Nangia—contained the explanation required by section 150.002(c) and the attached certificate of merit. *Id.* at 722.

Appellant argues, based on *Epco* and *Nangia*, that it satisfied the requirements of section 150.002(c) by filing the affidavit within thirty days after the initial filing. It contends there is "no case holding that the exemption must be 'invoked' in the original petition." We disagree and conclude that two cases that are binding precedent on this Court have decided this issue contrary to appellant's position. *See Crosstex*, 430 S.W.3d at 390; *DHM*, 2015 WL 3823942, at *3–4.

In *Crosstex*, the Supreme Court of Texas interpreted section 150.002, 430 S.W.3d at 389–91, and concluded, "The first sentence of subsection (c) provides an exception to the contemporaneous filing requirement, made available when a plaintiff both files within ten days of the end of the limitations period *and* alleges that the late filing prevented the preparation of a certificate of merit." *Id.* at 390. In addition, the court held that "the 'good cause' exception in subsection (c) does not stand alone, but rather is contingent upon a plaintiff: (1) filing within ten days of the expiration of the limitations period; and (2) alleging that such time constraints prevented the preparation of an affidavit." *Id.* at 391.

In *DHM*, the plaintiff Morzak filed a certificate of merit with her original petition against an architecture firm. She later amended her petition to add DHM, a landscape architecture firm,

as a defendant. 2015 WL 3823942, at *1. She attached the certificate of merit that she had previously filed with her original petition—which did not refer to DHM—to her amended petition. *Id.* DHM filed a motion to dismiss for failure to file a certificate of merit "specifically addressing" DHM and DHM's conduct. *Id.* In response—more than thirty days after filing her first amended petition—Morzak filed her second amended petition and attached a new certificate of merit. *Id.* In the new certificate, the affiant swore that the first certificate of merit applied to both DHM and the original defendant, the architecture firm. *Id.* at *2. The trial court denied the motion to dismiss and found that "good cause existed" to extend the deadline for filing the certificate of merit. *Id.*

On appeal, one issue this Court considered was whether DHM satisfied the statute's two requirements to "meet the good-cause exception for an extension." *Id.* We stated that "[w]e agree that the statute's provision for an extension has two prerequisites." *Id.* We then quoted section 150.002(c) and emphasized the two prerequisites:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which [1] the period of limitation will expire within 10 days of filing *and*, [2] because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared.

*Id.* at *4 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c) (emphasis added)). And we stated that the subsection then provides that in "such cases," the plaintiff receives an automatic thirty-day extension from the date of filing its petition to supplement its pleadings with the affidavit. *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c)).

We stated that it was undisputed that Morzak filed her first amended petition (the first against DHM) within ten days of the expiration of limitations on her claim. *Id.* But we concluded that Morzak had not satisfied the second requirement because she "did not allege in the first amended petition that, because of the approaching expiration of the limitations period,

–8–

she could not obtain an affidavit in compliance with the statute." *Id.* We then stated—citing *Crosstex*, 430 S.W.3d at 390—that the "Texas Supreme Court has directed that the exception to contemporaneous filing is dependent on both filing within ten days of the end of the limitations period and alleging that the late filing prevented the preparation of the certificate of merit." *DHM*, 2015 WL 3823942, at *4. We concluded, "Absent compliance with both prerequisites, there is no thirty-day extension. And absent compliance that would allow the thirty-day extension, we do not reach the possibility of a further good-cause extension such as the trial court granted in this case." *Id.* We concluded that, as a result, "Morzak did not comply with the statutory prerequisites for an extension of time to file a sufficient certificate of merit" and reversed the trial court's order denying the motion to dismiss. *Id.*

Appellant argues that *Crosstex* and *DHM* are distinguishable from this case because, in those cases, "the 'timing' of the limitations allegation was not at issue." It argues that, instead, those cases concerned whether "there is a stand-alone 'good cause' extension or whether good cause could only be used to extend the automatic thirty (30) day extension." Appellant also argues that *Crosstex* and *DHM* are factually distinguishable because in those cases, unlike here, (1) the plaintiff made the limitations allegation under section 150.002(c) after the defendant filed a motion to dismiss and (2) the plaintiff made the limitations allegation over thirty days after filing the initial petition against the defendant. It contends that in this case, in contrast, it filed the certificate of merit within thirty days of filing its original petition and served appellee with the certificate of merit contemporaneously with the original petition before appellant filed a motion to dismiss.

But both the supreme court in *Crosstex* and this Court in *DHM* interpreted section 150.002(c) as imposing two requirements in order for a plaintiff to receive the thirty-day extension for filing a certificate of merit: the plaintiff must file "within ten days of the end of the

limitations period *and* allege[] that the late filing prevented the preparation of a certificate of merit." *Crosstex*, 430 S.W.3d at 390; *see DHM*, 2015 WL 3823942, at *3–4. And this Court concluded—contrary to appellant's position here—that, to qualify for the thirty-day extension under section 150.002(c), the first pleading filed against a defendant must contain the time constraints allegation required by section 150.002(c). *See DHM*, 2015 WL 3823942, at *4. Based on this binding precedent, we conclude that appellant did not satisfy the requirements of section 150.002(c) because it did not state in its original petition that the limitations period would expire within ten days of filing and the resulting time constraints prevented the preparation of an affidavit. In addition, we conclude that appellant's statement in its original petition that it will file a certificate of merit did not satisfy the statute's requirements. *See Crosstex*, 430 S.W.3d at 390–91; *DHM*, 2015 WL 3823942, at *4. As a result, appellant was not entitled to an extension of time to file its certificate of merit and the trial court did not abuse its discretion by dismissing appellant's claims.

## DISMISSAL WITH PREJUDICE

Appellant argues that, even if dismissal was appropriate, the trial court abused its discretion by dismissing appellant's claims with prejudice. Appellant states "dismissal with prejudice is what Defendant sought and both orders [the order granting the motion to dismiss and the order *nunc pro tunc* granting the motion to dismiss] purport to grant Defendant's Motion in its entirety." Likewise, appellee refers to the trial court's order as a dismissal with prejudice. Appellee argues that appellant produced no evidence to establish that the trial court abused its discretion in dismissing appellant's claims with prejudice. He argues that, as a result, it is presumed that the trial court had adequate evidence before it to justify its ruling.

The order granting appellee's motion to dismiss—as amended to correct a clerical mistake by an order *nunc pro tunc*—states:

–10–

On this day came on for consideration Defendant's Motion to Dismiss (the "Motion"). The Court having considered the Motion, Plaintiff's response thereto, any reply, and arguments of counsel, is of the opinion that the Motion has merit and should, in all things be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that Defendant's Motion to Dismiss is hereby GRANTED.

The parties present arguments as to why the trial court did or did not abuse its discretion when it dismissed appellant's claims with prejudice. But the order does not state whether the trial court dismissed appellant's claims with or without prejudice. "Where an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice." *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ) (dismissal due to lack of standing); *see Ham v. Stephens*, No. 01-15-00036-CV, 2015 WL 6081815, at *3 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015, no pet.) (mem. op); *Stone v. Tolerton*, No. 12-08-00127-CV, 2008 WL 5235630, at *3 n.3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.) (affirming dismissal of inmate's suit where inmate did not file required affidavit or declaration relating to previous filings or certified copy of inmate's trust account statement but concluding that "[a]lthough the order of dismissal does not state that Stone's suit is dismissed with prejudice, it is presumed that the dismissal is without prejudice"); *Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no writ) (concerning dismissal on jurisdictional grounds and stating that "[b]ecause the order does not state the case is dismissed with prejudice, it is presumed the dismissal is without prejudice"); *see also TIC*, 463 S.W.3d at 76 (stating "the trial court has discretion to determine whether a dismissal should be with or without prejudice" under section 150.002 and in "exercising this discretion, a trial court cannot act 'in an arbitrary or unreasonable manner,' and should consider the 'broader purposes' of the statute" (quoting *CTL/Thompson Tex., L.L.C. v. Starwood*

*Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam))). As a result, we conclude that the order is a dismissal without prejudice.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in dismissing appellant's claims against appellee. As a result, we affirm the judgment of the trial court.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150863F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EMERALD WACO INVESTMENTS,
LTD., Appellant

No. 05-15-00863-CV     V.

DAVID RANDOLPH PETREE, RPLS,
Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-04276.
Opinion delivered by Justice Lang-Miers,
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DAVID RANDOLPH PETREE, RPLS, recover his costs
of this appeal from appellant EMERALD WACO INVESTMENTS, LTD.

Judgment entered July 25, 2016.