The BELVEDERE CONDOMINIUMS AT STATE THOMAS, INC., d/b/a The Belvedere Condominiums, Appellant,

v.

MEEKS DESIGN GROUP, INC., Appellee.

No. 05–10–00107–CV.

Court of Appeals of Texas, Dallas.

Dec. 6, 2010.

Christopher A. Payne, Riddle & Williams P.C., Dallas, TX, for Appellant.

Paul E. Ridley, Law Office of Canada Ridley, LLP, Grapevine, TX, Steven S. Snelson, Gerstle, Minissale, Snelson, Dallas, TX, for Appellee.

Before Justices BRIDGES, RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice RICHTER.

This interlocutory appeal follows the trial court's dismissal of negligence claims brought by The Belvedere Condominiums At State Thomas, Inc., d/b/a The Belvedere Condominiums (Belvedere) against Meeks Design Group, Inc. (Meeks). Meeks moved for dismissal of the negligence claims, asserting the certificate of merit filed by Belvedere in support of its claims did not comply with the statutory requirements set forth in Chapter 150 of

the Texas Civil Practice & Remedies Code. In two issues, Belvedere asserts the trial court erred in granting Meeks' motion to dismiss because: (1) the certificate of merit was sufficient, and (2) a certificate of merit was not required to support Belvedere's claim against a landscape architect. We affirm.

## BACKGROUND

On June 28, 2006, Belvedere, a condominium, filed its original petition against numerous developers, contractors, subcontractors and architects to recover damages for wrongful acts allegedly committed during construction, marketing, and administration of the condominium. In its ninth amended petition, Belvedere added claims against Meeks, an architect/landscape architect firm, for negligence and breach of warranty in its design and construction of Belvedere's courtyard area, including the drainage system from the roof and within the courtyard area. Belvedere supported its claims against Meeks with a certificate of merit from Steve Ray, a licensed professional engineer.

Meeks filed a motion to dismiss, claiming Ray's certificate of merit failed to satisfy the statutory requirements for a certificate of merit because Ray did not hold the same license as Meeks and did not practice in the same area as Meeks. After a hearing on the motion, the trial court signed an order dismissing Belvedere's negligence claims against Meeks. Belvedere then filed this interlocutory appeal.

## STANDARD OF REVIEW

An order granting a motion to dismiss under Chapter 150 is immediately appealable as an interlocutory order. Tex. Civ. Prac. & Rem.Code Ann. § 150.002(f) (West Supp.2010). We review an order granting a motion to dismiss under Chapter 150 under an abuse of discretion standard.

*Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.-Corpus Christi 2009, no pet.); *Consolidated Reinforcement, L.P. v. Carothers Executive Homes, Ltd.*, 271 S.W.3d 887, 891 (Tex.App.-Austin 2008, no pet.). An abuse of discretion occurs when the trial court acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Criterium-Farrell Engineers v. Owens*, 248 S.W.3d 395, 397 (Tex.App.-Beaumont 2008, no pet.); *Palladian Bldg. Co., Inc. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex.App.-Fort Worth 2005, no pet.). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court does not demonstrate an abuse of discretion. *Palladian*, 165 S.W.3d at 433.

The trial court's construction and application of a statute are questions of law we review de novo. *See DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 409 (Tex.App.-Dallas 2010, pet. denied); *Landreth*, 285 S.W.3d at 496. When construing a statute, we attempt to give effect to the legislature's intent. *DLB Architects*, 305 S.W.3d at 409. We look to the plain and common meaning of the words the legislature used unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex.2008).

## ANALYSIS

We first determine whether Ray's certificate of merit complies with section 150.002. Section 150.002 provides, in relevant part:

§ 150.002. Certificate of Merit

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the

plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

. . . .

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a), (d).[1]

In support of its first issue, Belvedere asserts its certificate of merit satisfies the requirements of section 150.002(a) because Ray's professional engineer license "subsumes the license and practice of landscape architecture." For purposes of our analysis, we first consider the statutory requirement that Ray practice in the same area as Meeks. Pursuant to the plain language in section 150.002(a), we examine Ray's certificate of merit, which includes his affidavit and resume, and compare his areas of practice with identifiable areas of landscape architecture practiced by Meeks. Ray's certificate of merit provides a description of his education and profes-

sional licenses and states that he has an active engineering practice in fourteen states, including Texas. Ray's resume, attached as Exhibit "A" to Ray's certificate of merit, describes many years of experience in a broad range of construction related activities for condominium projects. The certificate of merit does not identify experience or expertise in landscape architecture, or indicate that Ray's practice area includes the design and construction of drainage systems. We find no information in the certificate of merit to assist the trial court in determining whether Ray practiced in the same area as Meeks. *See Landreth*, 285 S.W.3d at 499 (affidavit did not meet the requirements of Chapter 150 because affiant did not state or otherwise demonstrate he practiced in the same area). Accordingly, we conclude that Ray's certificate of merit does not comply with the statutory requirement that affiant practice in the same area as the defendant. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a).

Belvedere argues that because Ray, as a professional engineer, is authorized to practice landscape architecture without additional licenses or registrations, he is qualified to provide a certificate of merit with respect to a landscape architect. *See* TEX. OCC.CODE § 1052.003(a)(11)(B) (West 2004). Our conclusion that Ray's certificate of merit is not in compliance with the statutory requirement that he "practice in the same area" as Meeks is dispositive with respect to Belvedere's first issue. Therefore, we do not decide whether Ray's professional engineer license subsumes Meeks' registration as a landscape architect.

---

1. Chapter 150 of the Texas Civil Practice and Remedies Code as modified by the 79th Texas Legislature is the version applicable to the subject certificate of merit. *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–3, 2005 Tex. Gen. Laws 348, 348 (effective May 27, 2005), *and* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 369–70 (effective September 1, 2005).

Considering our standard of review, we conclude the trial court did not abuse its discretion in finding that Ray's certificate of merit did not comply with the statutory requirements of section 150.002(a), and granting Meeks' motion to dismiss. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a), (d). Belvedere's first issue is overruled.

 In its second issue on appeal, Belvedere argues the trial court erred in granting Meeks' motion to dismiss because a certificate of merit is not required to support claims against a landscape architect. Belvedere contends that under the 2005 version of Chapter 150, a landscape architect is not a design professional.[2] We conclude Belvedere did not preserve this error for appeal.

To preserve a complaint for appellate review, a party must make the complaint to the trial court by timely request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *see Knapp v. Wilson N. Jones Memorial Hosp.*, 281 S.W.3d 163, 170 (Tex.App.-Dallas 2009, no pet.); *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex.App.-Dallas 2008, no pet.). Preservation also requires an express or implicit ruling by the trial court, or a refusal to rule by the trial court coupled with an objection to that refusal by the complaining party. TEX.R.APP. P. 33.1(a)(2); *see Wal–Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex.1999); *AIS Services, LLC v. Mendez*, No. 05–07–01224–CV, 2009 WL 2622391, at *1 (Tex. App.-Dallas Aug. 27, 2009, no pet.). According to the record, Belvedere did not raise this issue with the trial court. Belvedere did not file a written response to Meeks' motion to dismiss. During the hearing on Meeks' motion, Belvedere did not argue that a certificate of merit was not required. Instead, Belvedere argued that its certificate of merit complied with the statutory requirements of Chapter 150. We conclude Belvedere failed to preserve this issue for our review. *See* TEX.R.APP. P. 33.1(a). We overrule Belvedere's second issue.

### CONCLUSION

We conclude the trial court did not err by granting Meeks' motion to dismiss Belvedere's negligence claims against Meeks. The trial court's order of dismissal is affirmed.

---

**2.** In 2009, the legislature amended Chapter 150 to: (a) specifically include "registered landscape architect" in the definition of "licensed or registered professional," (b) reduce the affiant's qualification requirement from "practicing in the same area" as the defendant to "knowledgeable" in the same area as the defendant, and (c) expand the detail required to support each theory of recovery. Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 Tex. Gen. Laws 1991, 1991–92 (codified at TEX. CIV. PRAC. & REM.CODE § 150.001 et seq. (West Supp.2010)).