

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00212-CV

NORTEX FOUNDATION DESIGNS, INC.
APPELLANT

V.

DOUGLAS H. REAM AND KAREN S. REAM
APPELLEES

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Nortex Foundation Designs, Inc. appeals the trial court's denial of its motion to dismiss the claims brought against it by Appellees Douglas H. Ream and Karen S. Ream. The Reams sued Nortex for negligence in the design of their home's foundation and provided a certificate of merit to comply with

---

[1]*See* Tex. R. App. P. 47.4.

section 150.002 of the civil practice and remedies code.[2]  In one issue, Nortex argues that the certificate of merit provided by the Reams does not meet statutory requirements because the engineer who provided the certificate of merit was not practicing in the same area of engineering as the Nortex employee who designed the foundation.  Because we hold that the Reams' certificate of merit satisfied the statute's requirements, we affirm the trial court's order.

**Background**

The Reams sued Andrew Merrick Homes, LLC claiming that the design and construction of their home's foundation was faulty.  Merrick Homes joined Nortex as a responsible third party.  Nortex specializes in residential foundation designs and designed the Reams' foundation.

The Reams amended their petition to assert claims against Nortex.  The Reams alleged that Nortex (1) failed to exercise reasonable care or competence in obtaining or communicating design information in preparing and designing the foundation of the Reams' home, (2) breached common law implied warranties that the foundation was designed in a good and workmanlike manner and was fit for its intended purpose, (3) negligently undertook to perform services that it knew or should have known were necessary for the Reams' protection, and (4) breached the common law warranty that was implied when Nortex's engineer made an unqualified, statutorily-imposed express warranty under administrative

---

[2]Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West 2011).

code section 137.33[3] that Nortex was professionally responsible for the design of the foundation at issue.

To their petition, the Reams attached an affidavit as required by civil practice and remedies code section 150.002.[4] The affidavit was executed by Ralph Mansour, a licensed professional engineer. With respect to his qualifications, Mansour stated,

> 2. I am a Texas-Licensed Professional Registered Engineer. Attached as Exhibit 1 is a copy of my Curriculum Vitae. I have been a Licensed Professional Engineer in the State of Texas since 1994, specializing in geotechnical engineering and structural engineering and am familiar with the proper engineering and construction techniques as part of my education and experience. I am actively engaged in the practice of geotechnical engineering and structural engineering in the North Texas area and the Dallas-Fort Worth Metroplex in particular. I am familiar with standard industry practice in North Texas for professional engineers. In terms of my employment, I have inspected a number of residences that have suffered from structural problems. I have reviewed structural designs of residential structures on many occasions and am familiar with analyzing the damages to determine the cause or causes. Further, I have engineered residential concrete foundations as a part of my structural design practice.

> 3. As a licensed engineer with the foregoing educational and professional background and experience, I am familiar with minimum industry standards relating to the design and construction of residential structures, such as the Reams' home, as well as the minimum standards relating to the design and construction of foundation systems for residential structures, such as the foundation used at the Reams' residence, including design of foundations on expansive soils.

---

[3]22 Tex. Admin. Code Ann. § 137.33 (2013) (Tex. Bd. of Prof'l Eng'rs, Sealing Procedures).

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

Mansour stated that he had inspected the Reams' foundation using the procedure of the Post-Tensioning Institute and International Building Code. Mansour's resume, which he attached to his affidavit, lists his experience in geotechnical, structural, and forensic engineering.

Mansour's affidavit does not name specific types of foundation design with which he was familiar. His resume states that "[i]n the last five years, [Mansour] provided thousands of foundation evaluations for homeowners, foundation repair contractors, insurance companies[,] and attorneys."

Nortex filed a motion to dismiss arguing that the affidavit did not show that Mansour is practicing in the same area of practice as Jerry Coffee, its employee and the engineer who designed the Reams' foundation. Nortex asserted that Mansour had not been practicing in the area of residential foundation *design* and that it was unclear from the certificate of merit or Mansour's deposition as to whether he had ever designed a post-tension cable foundation, the type of foundation used in the Reams' home. It pointed out that as section 150.002 existed in 2009, an affiant had to be engaged in the same area of practice as the defendant, and it argued that Mansour is a forensic geotechnical engineer who does not actually design foundations. At a hearing on the motion, Nortex argued that Mansour had designed less than ten residential foundations during his career and that Coffee has designed thousands of residential foundations.

The trial court denied Nortex's motion, and it now appeals.

4

**Standard of Review**

We review a trial court's ruling on a motion to dismiss for an abuse of discretion.[5] To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.[6]

Statutory construction is a question of law, which we review de novo.[7] Once we determine the proper construction of a statute, we determine whether the trial court abused its discretion in the manner in which it applied the statute to the instant case.[8]

**Analysis**

In Nortex's sole issue, it argues that the trial court erred by denying its motion to dismiss because Mansour does not practice in the same area as Coffee. In suits arising out of the provision of certain professional services, the civil practice and remedies code requires a plaintiff to provide a "certificate of merit"—an affidavit made by a professional who holds the same professional

---

[5]*Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Palladian Bldg. Co., Inc. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.).

[6]*Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

[7]*Palladian Bldg.*, 165 S.W.3d at 436.

[8]*Id.*

license as the defendant that contains statements about the negligence or other act of the defendant.[9] With respect to a suit alleging professional negligence against an engineer, the plaintiff must file with its complaint the affidavit of a third-party registered licensed professional engineer.[10] The statute in place at the time that the Reams filed suit stated that the affidavit must be by an engineer who is "practicing in the same area of practice as the defendant."[11]

Nortex focuses much of its argument on whether Mansour was, at the time of his affidavit, engaged in designing residential foundations. Nortex depicts Coffee's area of practice narrowly, essentially arguing that an expert must be employed in the same job or subspecialty as a defendant. On its face, the statute requires the expert to be practicing in the same area as the defendant, but it does not require the expert to have the same job description. All that is necessary is that, whatever the expert's job, it falls within the same area of practice as the defendant. Thus, it is not necessary that the Reams' expert be employed in designing post-tension cable foundations for residences. He must,

---

[9]Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

[10]*See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, §§ 2, 4–5, 2005 Tex. Gen. Laws 369, 369–70 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–.003 (West 2011)); Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen. Laws 348, 348 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–.002).

[11]*See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, §§ 2, 4–5, 2005 Tex. Gen. Laws 369, 369–70; Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen. Laws 348, 348.

however, be practicing in the same area of engineering as Coffee—that is, whatever area of practice that the design of residential foundations fits into, Mansour must also be practicing in that area.[12]

Coffee and Nortex were employed to provide structural engineering services—specifically, the design of the foundation. In Mansour's affidavit, he states that he specializes in and is actively engaged in the practice of geotechnical engineering and structural engineering. In the course of his employment, he has reviewed structural designs of residential structures, and he has inspected a number of residences suffering from structural problems. And as part of his structural design practice, he has engineered residential concrete foundations.

Both Mansour and Coffee practice in the area of structural engineering,[13] and both are employed in jobs in which they must know the proper standards for

---

[12]*See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, §§ 2, 4–5, 2005 Tex. Gen. Laws 369, 369–70; Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen. Laws 348, 348; *see also Howe-Baker Eng'rs, Ltd. v. Enter. Prods, Operating, LLC*, No. 01-09-01087-CV, 2011 WL 1660715, at *4 (Tex. App.—Houston [1st Dist.] Apr. 29, 2011, no pet.) (mem. op.) ("In other words, the affiant and the defendant must share a practice area, evaluated at a level of generality appropriate to the nature of the negligent act, error, or omission being identified.").

[13]*See* Int'l Assoc. for Bridge & Structural Eng'g, *Structural Engineering*, http://www.iabse.org/IABSE/Structural_Engineering/IABSE/structural/about_structural.aspx?hkey=ee9b28cf-6a1a-4fdc-a1b5-aed61219be77 (defining "structural engineering" as "the science and art of planning, design, construction, operation, monitoring and inspection, maintenance, rehabilitation and preservation, demolishing and dismantling of structures, taking into consideration technical, economic, environmental, aesthetic and social aspects).

foundations. One of them creates foundation designs and the other reviews foundation designs, but both have the same general area of practice.[14] We hold that Mansour's affidavit meets the statute's requirement that he be practicing in the same area of engineering practice as Coffee.

Nortex argues that we should look not only at Mansour's affidavit, but also at his resume and his deposition testimony, which it claims shows that Mansour works in a different practice area than Coffee. Even if we consider Mansour's resume to be a part of the certificate of merit, his deposition is not, and nothing in the plain language of the statute directs us to consider it.

Some courts have, however, considered an expert's resume when served with the affidavit,[15] although nothing in the statute expressly allows consideration of any evidence but the affidavit.[16] But we need not determine whether

---

*See also, e.g., Irwin v. Nortex Found. Designs, Inc.*, No. 02-08-00436-CV, 2009 WL 2462566, at *2 n.6 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op.) (noting that Coffee is a structural engineer).

[14]*See CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, No. 01-11-01033-CV, 2013 WL 125713, at *6 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, pet. denied) (op. on reh'g) (stating that a certificate of merit met the statute's requirements when the affiant practiced structural engineering and he was reviewing the work of an engineering firm hired to prepare construction documents and specifications).

[15]*See Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 221 (Tex. App.—Dallas 2010, no pet.); *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 49 (Tex. App.—Houston [14th Dist.] 2010, pet. granted, judgm't vacated w.r.m.).

[16]*See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

consideration of the resume is required or allowed because even if we were to consider the resume, or for that matter, the deposition testimony, our holding would not change.

Mansour's resume states that his twenty years of experience includes structural engineering, that he has provided recommendations for stabilizing foundations for hundreds of distressed foundations in Texas, and that his practice since 1996 has included providing foundation evaluations.  This resume shows that his area of practice includes reviewing foundation work.  And in the deposition that Nortex wants us to consider, although Mansour indicates that he does not currently work in structural *design*, he states that foundation analysis is one of the three main types of work in which his company engages.  We have already stated that it is sufficient that Mansour's work includes reviewing and analyzing structural designs.

Because Mansour and Coffee both practice in the field of structural engineering, we hold that the trial court did not err by denying Nortex's motion to dismiss.  We overrule Nortex's sole issue.

**Conclusion**

Having overruled Nortex's sole issue on appeal, we affirm the trial court's order.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  July 11, 2013