**Affirmed; Opinion Filed February 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00861-CV

**TDINDUSTRIES, INC., Appellant**

**V.**

**MY THREE SONS, LTD., MY THREE SONS MANAGEMENT, LLC, PRESTONWOOD OB/GYN ASSOCIATES, P.A., CHRISTOPHER RIEGEL, MD, P.A., AND CHRISTOPHER RIEGEL, Appellees**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-00398-2013**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Lang

In this interlocutory appeal, TDIndustries, Inc. (TDI) appeals the trial court's denial of its

motion to dismiss a suit claiming damages based upon allegedly defective improvements in a

building that Appellees bought.[1] TDI asserts three issues contending Appellees' claims against

TDI should have been dismissed because of Appellees' failure to file a "certificate of merit,"

pursuant to chapter 150 of the Civil Practice and Remedies Code. A certificate of merit is a

particular affidavit required to be filed with a suit where damage claims are asserted arising out

of the provision of professional services by licensed or registered professionals, including

---

[1] Appellees include My Three Sons, Ltd., My Three Sons Management, LLC, Prestonwood OB/GYN Associates, P.A., Christopher Riegel, M.D., P.A., and Christopher Riegel and will be referred to collectively as Appellees.

engineers and architects. We decide TDI's issues against it and affirm the trial court's order denying TDI's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In their petition, Appellees alleged they "owned and/or conducted business in a business condominium" they had acquired from co-defendant Midway/Parker Medical Center, L.P.[2] After allegedly experiencing various malfunctions of improvements on the property, including the plumbing system that TDI purportedly installed, Appellees sued several entities, including TDI. Specifically, Appellees complained of TDI and the other co-defendants, stating that "faulty design, installation, construction, maintenance, remediation, clean-up, and/or insulation of the plumbing and fire protection systems" in this property resulted in the "proliferation of mold, bacteria, and other environmental or biological (sic) hazardous materials," including "brown water" containing fecal bacteria.

TDI filed a motion to dismiss Appellees' claims pursuant to Section 150.002 of the Civil Practice and Remedies Code, arguing Appellees were required to file a certificate of merit to support their claims against TDI since "TDI is a licensed engineer in the state and the allegations against TDI implicate basic engineering services and the applicable standard of care for the rendering of engineering services." Appellees raised several "objections" to the motion, including that TDI had presented no competent evidence it was a licensed or registered professional that performed engineering services in connection with the property or that Appellees had engaged TDI to provide engineering services.

Before the hearing scheduled for TDI's motion to dismiss, Appellees filed a partial nonsuit of claims against TDI, stating their intent to nonsuit "without prejudice any claim asserted in Plaintiffs' Original Petition for any engineering service provided by" TDI.

---

[2] This co-defendant is not a party to this appeal.

The trial court denied TDI's motion to dismiss, and this interlocutory appeal followed.

## II. NECESSITY OF CERTIFICATE OF MERIT

In TDI's first and second issues, it argues the trial court abused its discretion by denying TDI's motion to dismiss because Appellees' causes of action against TDI arose out of the provision of engineering services, a certificate of merit was required, and Appellees failed to file a certificate of merit. As to its third issue, TDI argues Appellees' "attempted" nonsuit could not cure Appellees' failure to file a certificate of merit because this nonsuit violated the rules of civil procedure, TDI's motion to dismiss survived Appellees' "attempted" nonsuit, and even if Appellees' nonsuit were effective, it would have the effect of a nonsuit of all of Appellees' claims against TDI.

*A. Standard of Review and Applicable Law*

An order denying a motion to dismiss pursuant to Chapter 150 is appealable as an interlocutory order and is reviewed for an abuse of discretion. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f); *Morrison Seifert Murphy, Inc. v. Zion*, 385 S.W.3d 421, 424 (Tex. App.—Dallas 2012, no pet.). An abuse of discretion occurs where the trial court acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Morrison Seifert Murphy, Inc.*, 385 S.W.3d at 424 (citing *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 220 (Tex. App.—Dallas 2010, no pet.)). "[T]he party that complains of abuse of discretion has the burden to bring forth a record showing such abuse." *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987); *see also Hartman Income Reit PPTY Holdings, LLC v. Dallas Cent. Appraisal Dist.*, No. 07-11-00079-CV, 2012 WL 5231854 (Tex. App.—Amarillo Oct. 23, 2012, pet. denied) ("[B]urden lies with the appellant to establish that an abuse of discretion occurred.").

Section 150.002 provides, in relevant part:

(a) In any action ... for damages arising out of the provision of professional services *by a licensed or registered professional*, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor...

(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant.  This dismissal may be with prejudice…

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (emphasis added).  A licensed or registered professional is defined as "a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices, including but not limited to a corporation…"  TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-a).

"If resolution of the issue requires us to construe statutory language, we review statutory construction de novo."  *Morrison Seifert Murphy, Inc.*, 384 S.W.3d at 425 (quoting *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 412 (Tex. App.—Waco 2010, pet. denied)).  The method of our analysis is as follows:

The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the Legislature's intent. Where text is clear, text is determinative of that intent. "[W]hen possible, we discern [legislative intent] from the plain meaning of the words chosen." This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. Therefore, our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent." Only when those words are ambiguous do we resort to rules of construction or extrinsic aids.

–4–

*Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437 (Tex. 2009) (citations omitted). After deciding the proper construction, we then determine whether the trial court abused its discretion in its application of the statute. *Morrison Seifert Murphy, Inc.*, 384 S.W.3d at 425.

*B. Application of Law to Facts*

TDI asserts it is "undisputed" that TDI is a licensed or registered professional as defined by Chapter 150. As support, TDI cites a) the record where it attached to its motion a copy of a computer print out of the Texas Board of Professional Engineers' Firm Search results page, b) the "government website address" of this search page, and c) the Appellees' partial nonsuit of claims against it. TDI would have us conclude that, since Appellees' claims against TDI arose out of the provision of engineering services and Appellees failed to file a certificate of merit, the trial court abused its discretion in denying TDI's motion to dismiss.

Appellees disagree, arguing *inter alia*, it is not "undisputed" that TDI is a licensed or registered professional as defined in Chapter 150. Further, Appellees assert there is no competent evidence TDI or any of its employees were licensed professional engineers. Additionally, Appellees contend their original petition did not refer to "professional negligence" or an "engineer," and TDI's only evidence relating to its alleged status as a licensed or registered professional, an "unsworn, undated internet inquiry/printout purportedly from the Texas Board of Professional Engineers," is "pure hearsay."[3] Moreover, Appellees argue there is no evidence in this case TDI engaged in the practice of engineering or provided any professional services as defined by Chapter 150.

In its reply brief, TDI asserts it is "conclusively presumed to be engaged in the practice of engineering" under Occupations Code § 1001.301(e) since, according to TDI, Appellees' petition

---

[3] Because the objection to hearsay was raised only on appeal, but not in the trial court, it will not be considered. *See* TEX. R. APP. P. 33.1(a).

alleged TDI and/or TDI's employees engaged in conduct that fell within the Occupations Code's definition of the practice of engineering. *See* TEX. OCC. CODE ANN. § 1001.301(e) ("A person…firm…or corporation that engages in or offers or attempts to engage in conduct described by this section is conclusively presumed to be engaged in the practice of engineering"). TDI contends since a person may not engage in the practice of engineering without a license, it is presumed to be a licensed or registered professional. *See* TEX. OCC. CODE ANN. § 1001.301(a). Accordingly, TDI argues this presumption, together with its "assertion" to the trial court that it was a licensed or registered professional, the print out of the Texas Board of Professional Engineers' Firm Search results page, the "government website address" of this search page, and "the fact that nobody actually disputes or disputed TDI's status as a licensed or registered professional" gave the trial court "no reasonable basis" to determine that TDI was not a licensed or registered professional. TDI also points again to Appellees' nonsuit as support, arguing "If [Appellees] disputed that TDI was a licensed or registered professional, why would they attempt to nonsuit claims for 'engineering service provided by [TDI]?'"

To determine whether a certificate of merit is required, we must first decide whether the record reflects TDI has been shown to be a licensed or registered professional under Chapter 150, and if so, whether the Appellees' claimed damages arose from the provision of professional services. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002; *see also Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 792 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *V.R. & Son, L.P. v. Cive Consulting, Inc.*, No. 01-11-00967-CV, 2012 WL 3133605, at *2 (Tex. App.—Houston [1st Dist.] 2012, no pet.). As the party complaining of an abuse of discretion, TDI has the burden of bringing forth a record showing such abuse. *See Simon*, 739 S.W.2d at 795.

Contrary to TDI's assertion, as described above, Appellees have disputed TDI's status as a licensed or registered professional in their "objections" raised to TDI's motion to dismiss and in their briefs before this court. Moreover, nothing in this record shows Appellees' "purporting to nonsuit" their claims affirmatively demonstrates TDI is a licensed or registered professional.

Additionally, we cannot agree with TDI that a conclusive presumption of the Occupations Code applies here. Based on our review of the record, it does not appear this contention was asserted in the trial court. Rather, it was raised for the first time in its reply brief on appeal. Generally, an issue raised for the first time in a reply brief may not be considered. *Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.) (citing *Bankhead v. Maddox*, 135 S.W.3d 162, 163-64 (Tex. App.—Tyler 2004, no pet.)). However, even were we to consider this argument, such a presumption would only have the effect that TDI would be "conclusively presumed to be engaged in the practice of engineering." *See* TEX. OCC. CODE ANN. § 1001.301(e). Although the Occupations Code states one "may not engage in the practice of engineering without a license," the fact that one is presumed to be engaged in the practice of engineering does not imply that one has a license. *See* TEX. OCC. CODE ANN. § 1001.301(a). Consequently, we conclude, even if applicable, this presumption would not expressly show TDI to be a licensed or registered professional.

The only purported evidence TDI has provided in support of its claimed status as a licensed or registered professional is a print out of the Texas Board of Professional Engineers' Firm Search results page and the "government website address" of this search page. In its motion to dismiss, to support its claim that it was a licensed engineer, TDI stated only, "See http://engineers.texas.gov/search.php attached hereto as Exhibit A and incorporated herein." This search results page is reproduced in full below. However, it shows nothing respecting TDI's asserted status as a licensed or registered professional pursuant to Chapter 150.

–7–



# TBPE
## Texas Board *of* Professional Engineers
### *Engineering For A Better Texas*

General   Board   Enforcement   Licensing   Windstorm   Exams & EITs   P.E.s
Firms   Roster Search

__Go Back and Search Again__

1 results

### Results for Firm Search

| Firm | Name and Address | Certified | Expires |
|---|---|---|---|
| 968 | TDIndustries Inc<br>13850 Diplomat Drive<br>Dallas, TX 75234 p: 972-888-9500 | 9/8/2000 | 9/30/2013 |

*Our mission is to protect the health, safety, and welfare of the people in Texas by regulating the practice of engineering through licensure of qualified individuals and compliance with the laws and rules.*

1917 S Interstate 35, Austin, TX 78741 | Phone: 512-440-7723 | Fax: 512-442-1414 | info@engineers.texas.gov

Engineering News | Feedback Survey | Website Policies | Strategic Plan | Law and Board Rules

Texas.Gov | Homeland Security | Where the Money Goes | Trail | Report Fraud | Compact With Texans | Energy Conservation Plan

  

We conclude TDI has failed to meet its burden of proof to show an abuse of discretion by the trial court. *See Simon*, 739 S.W.2d at 795. Accordingly, we decide TDI's first issue against it. Because this issue is dispositive, we need not address TDI's remaining contentions and issues.

## III. CONCLUSION

The trial court did not abuse its discretion when it denied TDI's motion to dismiss.  We decide TDI's issues against it and affirm the trial court's order.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

130861F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TDINDUSTRIES, INC., Appellant

No. 05-13-00861-CV          V.

MY THREE SONS, LTD., MY THREE
SONS MANAGEMENT, LLC,
PRESTONWOOD OB/GYN
ASSOCIATES, P.A., CHRISTOPHER
RIEGEL, MD, P.A., AND CHRISTOPHER
RIEGEL, Appellees

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-00398-2013.
Opinion delivered by Justice Lang.   Justices
Moseley and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees MY THREE SONS, LTD., MY THREE SONS MANAGEMENT, LLC, PRESTONWOOD OB/GYN ASSOCIATES, P.A., CHRISTOPHER RIEGEL, MD, P.A., AND CHRISTOPHER RIEGEL recover their costs of this appeal from appellant TDINDUSTRIES, INC.

Judgment entered this 14th day of February, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE