

## NUMBER 13-24-00180-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ARAN & FRANKLIN ENGINEERING, INC.,                    Appellant,

v.

CHRIS ZODY D/B/A NEW MILLENNIUM
CONSTRUCTION GROUP,                    Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West**

Appellant, Aran & Franklin Engineering, Inc., challenges the trial court's denial of its motion to dismiss the claims of appellee, Chris Zody d/b/a New Millennium Construction Group (New Millennium). Appellant argues the trial court erred because New Millennium's certificate of merit failed to comply with Chapter 150 of the Texas Civil

Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. We reverse and remand.

## I.    BACKGROUND

This lawsuit arises out of roofing reconstruction work performed on a condominium complex in Rockport, Texas. New Millennium contracted with Hidden Oaks Association, Inc. (Hidden Oaks) as the general contractor for the roofing project and hired Goliath Building Services, Inc. (Goliath) to repair the roof and obtain a Texas Windstorm Insurance Association (TWIA) certificate, known as the WPI 8 certification. Subsequently, New Millennium entered into a subcontract with appellant to serve as an appointed qualified inspector (AQI) for the project.

Hidden Oaks filed suit against New Millennium alleging negligence, breach of warranty, breach of contract, and intentional misrepresentations because the roof did not have the requisite WPI 8 certification. New Millennium, in turn, brought a third-party claim against appellant for contribution, negligence, intentional and/or negligent misrepresentation, indemnity, breach of contract, breach of express warranty, and breach of implied warranty. New Millennium argued that, as the AQI, appellant "improperly and negligently informed [New Millennium] that the inspection of Goliath's work was satisfactory, that the WPI 8 certification would be issued, and that it was appropriate for New Millennium to pay Goliath for its work." New Millennium argued that it paid Goliath relying on appellant's representations regarding Goliath's work; however, the WPI 8 certification was not issued.

2

Appellant filed a motion to dismiss New Millennium's original third-party petition "arguing that New Millennium was required to file a certificate of merit pursuant to Chapter 150 of the Texas Practice and Remedies Code." *Aran & Franklin Eng'g, Inc. v. Zody*, No. 13-21-00262-CV, 2022 WL 17844211, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 22, 2022, no pet.) (mem. op.). The trial court denied the motion, and this Court reversed. *Id.* at *5. We held that New Millennium was required to file a certificate of merit with its petition because its allegations arose out of appellant's engineering services. *Id.* at *4–5. We remanded the case to the trial court to determine "whether the dismissal of New Millennium's claims should be with or without prejudice." *Id.* at *5.

The trial court dismissed New Millennium's claims without prejudice and New Millennium filed a second original third-party petition, which is the subject of this appeal. The second petition was accompanied by a certificate of merit by Jason P. Haisler, P.E., "a licensed professional engineer." Appellant filed a motion to dismiss New Millennium's second petition with prejudice, arguing the certificate of merit (Haisler's affidavit) was fatally defective pursuant to Chapter 150. *See* TEX. PRAC. & REM. CODE ANN. § 150.002. It argued that "Haisler does not qualify as a person who 'practices in the area of practice [of] the defendant'" because Haisler is not certified as an AQI. *See id.* § 150.002(a)(3).

New Millennium filed a response asserting that Haisler's affidavit met the requirements of § 150.002 because he practices in the area of practice of the defendant, which is "wind and storm" "structural construction, compliance, and inspection." New Millennium further argued that even if appellant's contentions were correct, and it was required to have an affidavit from a certified AQI, an affidavit previously filed in response

3

to appellant's first motion to dismiss (Rubiano's affidavit) would suffice because that affiant is "a licensed engineer and an AQI." In its reply, appellant contended the Rubiano's affidavit could not be considered because it was not contemporaneously filed with New Millennium's second petition.

After a hearing, the trial court denied appellant's motion to dismiss, and this second interlocutory appeal followed. *See id.* § 150.002(f) (authorizing an immediate interlocutory appeal of an order denying a motion for dismissal under § 150.002).

## II.   DISCUSSION

Appellant argues that the trial court abused its discretion by denying its motion to dismiss because New Millennium's certificate of merit fails to comply with Chapter 150. It requests this Court dismiss New Millennium's claims with prejudice.

## A.    Standard of Review & Applicable Law

"We review a trial court's order on a motion to dismiss for failure to file a certificate of merit in accordance with [Texas] Civil Practice & Remedies Code [§] 150.002 for an abuse of discretion." *TRW Eng'rs, Inc. v. Hussion St. Bldgs., LLC*, 608 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 493–95 (Tex. 2017) (discussing a trial court's discretion to grant dismissal with or without prejudice). "A court abuses its discretion if it fails to analyze or apply the law correctly," *TRW Eng'rs*, 608 S.W.3d at 319, and when it makes decisions in an arbitrary or unreasonable manner, without reference to guiding rules or principles. *Pedernal Energy*, 536 S.W.3d at 492.

4

When resolution of an appellate issue requires interpretation of a statute, we engage in a de novo review. *See id.* at 491. Our goal in construing a statute is to determine and give effect to the Legislature's intent. *Id.* (citing *Tex. Mut. Ins. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012)). "We look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Id.*; *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014). "We also take statutes as we find them and refrain from rewriting text chosen by the Legislature." *Pedernal Energy*, 536 S.W.3d at 492; *see Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017) ("When statutory text is clear, we do not resort to rules of construction or extrinsic aids to construe the text because the truest measure of what the Legislature intended is what it enacted." (citing *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016))).

Section 150.002 of the Texas Civil Practice and Remedies Code requires a sworn "certificate of merit" to accompany any lawsuit "for damages arising out of the provision of professional services by a licensed or registered professional." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. The certificate of merit is

> an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
>
> (1)  is competent to testify;
>
> (2)  holds the same professional license or registration as the defendant; and

(3)     practices in the area of practice of the defendant and offers testimony based on the person's: (A) knowledge; (B) skill; (C) experience; (D) education; (E) training; and (F) practice.

*Id.* § 150.002(a).

The Texas Administrative Code defines an "appointed qualified inspector" as "[a]n engineer licensed by the Texas Board of Professional Engineers and appointed by [the Texas Department of Insurance (TDI)] as a qualified inspector under Insurance Code § 2210.254(a)(2)." 28 TEX. ADMIN. CODE § 5.4601. Texas Insurance Code § 2210.254(a)(2) states that a "qualified inspector" includes "a licensed professional engineer." TEX. INS. CODE ANN. § 2210.254(a)(2). Section 2210.254 further provides that "[a] windstorm inspection may be performed only by a qualified inspector," and "a qualified inspector must be approved and appointed or employed by the department" before performing building inspections. *Id.* § 2210.254(b), (c).

## B.    Rubiano's Affidavit

Appellant first argues that to whatever extent New Millennium relies on Rubiano's affidavit to fulfill the certificate of merit requirement under § 150.002(a), we may not consider it in our analysis "[b]ecause New Millennium did not file Rubiano's affidavit contemporaneously with its second petition."

We agree. "Courts have interpreted the language of [§] 150.002(a) to require plaintiffs to file a certificate of merit affidavit contemporaneously 'with a first-filed petition as to the defendants in which a section 150.002 claim applies.'" *TRW Eng'rs*, 608 S.W.3d at 321 (quoting *Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church, Vidor*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.)) (collecting cases); *Levinson*

6

*Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 513 S.W.3d 487, 491 (Tex. 2017) (*Levinson II*) ("The affidavit is generally a prerequisite to the suit going forward, and the failure to file it contemporaneously with the complaint will ordinarily result in dismissal.").

Rubiano's affidavit was not filed contemporaneously with New Millennium's second petition. It was not even filed contemporaneously with New Millennium's first petition—it was attached to its response to appellant's initial motion to dismiss. New Millennium cannot rely on an affidavit as a certificate of merit which was not filed contemporaneously with its new petition. *See Levinson II*, 513 S.W.3d at 491; *Thompson Hancock Witte & Assocs., Inc. v. Stanley Spurling & Hamilton, Inc.*, 650 S.W.3d 741, 747– 48 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (rejecting appellant's argument that the court could rely on an affidavit from previously filed petition to fulfill the certificate of merit requirement under § 150.002(a) in the case at hand); *TRW Eng'rs*, 608 S.W.3d at 321. As the Dallas Court of Appeals explained:

> It is apparent from our review of the statutory language [of § 150.002], as well as the cases interpreting that language, [that] the statute requires the certificate of merit be filed with the first petition filed in a particular action or suit raising claims subject to the statute. In other words, although a plaintiff may amend its petition, and thus file multiple petitions in a single action, the statute requires the plaintiff to file the certificate of merit with the first petition filed in the action that raises claims subject to its provisions.
>
> We conclude when a plaintiff files a new action and includes a certificate of merit with the first-filed petition in that action, the plaintiff has complied with the plain language of the statute. This conclusion is not only supported by the text of the statute, but also recognizes the legal effect of a dismissal without prejudice, which places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought.

*TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76–77 (Tex. App.—Dallas 2014, pet. denied) (internal citations and quotations omitted).

We also find it relevant that New Millennium never referenced Rubiano's affidavit in its second petition. Even if § 150.002 allowed us to construe New Millennium's second petition as incorporating Rubiano's affidavit as a certificate of merit, it failed to do so in this case. *See Thompson Hancock Witte & Assocs.*, 650 S.W.3d at 747–48 (rejecting appellant's argument that it incorporated the certificate of merit in its refiled third-party petition because appellant made "no further mention of the certificate of merit or its contents in the refiled third-party petition").

Accordingly, we do not consider Rubiano's affidavit in our analysis because it was not filed contemporaneously with New Millennium's second petition. *See Levinson II*, 513 S.W.3d at 491; *Thompson Hancock Witte & Assocs.*, 650 S.W.3d at 747–48; *TRW Eng'rs*, 608 S.W.3d at 321; *TIC N. Cent. Dallas 3*, 463 S.W.3d at 76–77.

## C.    Area of Practice

Appellant next argues that New Millennium's certificate of merit fails to demonstrate that Haisler practices in its same area of practice because he is not an AQI. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)(3). It contends that the "practice area in the underlying litigation is the practice area of an [AQI]." New Millennium argues that the practice area at issue is "wind and storm" "structural construction, compliance, and inspection." It maintains that "AQI inspections merely fall within a broader area of practice involving construction compliance and inspection."

8

"Neither Chapter 150 of the Texas Civil Practice and Remedies Code nor the Texas Occupations Code incorporated into Chapter 150, defines the phrase 'area of practice.'" *Certain Underwriters at Lloyd's of London Subscribing to Policy No. NAJL05000016-H87 v. Mayse & Assocs., Inc.*, 635 S.W.3d 276, 288 (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied) (citation omitted); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. However, the Texas Supreme Court has rejected the interpretation that the phrase means "the defendant's general area of practice." *See Certain Underwriters*, 635 S.W.3d at 289 (citing *Levinson II*, 513 S.W.3d at 494). Instead, the area of practice "requires some additional explication or evidence reflecting the expert's familiarity or experience with the practice area at issue in the litigation." *Levinson II*, 513 S.W.3d at 494; *see Certain Underwriters*, 635 S.W.3d at 289.

We look to the record to determine the practice area at issue. *See Gaertner v. Langhoff*, 509 S.W.3d 392, 397 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (evaluating evidence in the record to determine the "area of practice" at issue in the litigation); *see also Janis Smith Consulting, LLC v. Rosenberg*, No. 03-23-00370-CV, 2024 WL 4750757, at *2 (Tex. App.—Austin Nov. 6, 2024, pet. filed) (mem. op.) ("We determine the practice area at issue in the litigation by reviewing the petition and other relevant documents in the record." (citations omitted)); *Eric L. Davis Eng'g, Inc. v. Hegemeyer*, No. 14-22-00657-CV, 2023 WL 8270984, at *3 (Tex. App.—Houston [14th Dist.] Nov. 30, 2023, no pet.) (mem. op.).

New Millennium's second petition alleged that it "entered into an agreement with [appellant] in which [appellant] agreed to serve as the [AQI] for the project." The petition

set out "the responsibilities of an AQI" as defined in § 5.4621 of the Texas Administrative Code and then alleged that appellant "breached its contract and negligently failed to comply with one or more of its obligations under" the section. *See* 28 TEX. ADMIN. CODE § 5.4621 (describing "the procedure for the certification of ongoing improvements inspected by [AQIs]").

Haisler's affidavit stated that he is a senior engineer "at Roof Technical Services, Inc.," and he has "worked in building design and project management since 2004." He averred that this "design experience" gave him "extensive knowledge of building codes and design and detailing of buildings for wind, gravity, and seismic loads." Since 2016, he has primarily worked "as a forensic (investigative) engineer . . . where [he] ha[s] investigated hundreds of buildings with a focus on roofing, building envelope, and structural components." He further stated he has "conducted investigations related to structural failure/collapses, storm damage including wind, hail, and tornado related damage, building code compliance, construction defects, moisture intrusion, material defects, and fire damage."

It is undisputed that Haisler is not an AQI and has never been licensed as one. Nevertheless, his affidavit concluded that

- "[Appellant] failed to comply with its obligations under Rule §[ ]5.4621 and failed to act with reasonable care and competence required of it as an appointed qualified inspector. [Appellant] failed to comply with its obligations under Rule §[ ]5.4621[](3), including failing to prepare all necessary construction inspection reports and deliver them to New Millennium. These failures, errors and omissions, each solely and/or in conjunction with others, were a proximate and/or producing cause of the damages suffered by New Millennium and the damages alleged by the Plaintiffs."

10

- "[Appellant] did not complete reponing of Goliath's work as was required of them as AQI as stated in Texas Administrative Code Rule §[ ]5.4621, which constituted a breach of the standard of care and their contractual obligations."

- "[Appellant] was to report any non-compliant work by Goliath to New Millennium. [Appellant] failed to report non-compliant work, despite having informed New Millennium that it had done so and that New Millennium should proceed with paying their subcontractor Goliath for its related work."

- "[Appellant] failed to perform duties required as an AQI such that work performed by Goliath did not receive the WPI-8 windstorm certificate."

- "[Appellant] failed to comply with Texas Administrative Code Rule § 5.4621 as is customarily performed by an AQI."

Ultimately, New Millennium's second petition and accompanying certificate of merit allege that this suit arises out of a contract in which appellant agreed to be an AQI, and appellant breached that contract when it failed to perform its duties and obligations as an AQI.

We thus disagree with New Millennium's contention that "inspections [by AQIs] merely fall within a broader area of practice." *See Levinson II*, 513 S.W.3d at 494; *Certain Underwriters*, 635 S.W.3d at 289; *Belvedere Condominiums at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 221 (Tex. App.—Dallas 2010, no pet.) (holding that appellant's certificate of merit failed to show that the professional engineer practiced in the defendant's area of practice, "landscape architecture," because the engineer's affidavit and resume did not show "additional licenses or registrations" in landscape architecture). The foregoing indicates that the "area of practice" at issue in this case is the practice area of an AQI. *See Levinson II*, 513 S.W.3d at 494; *Certain Underwriters*, 635 S.W.3d at 289; *Belvedere*, 329 S.W.3d at 221.

Furthermore, it is significant to note that, pursuant to § 150.002(a)(2), the certificate of merit must be of an affiant who "holds the same professional license or registration as the defendant." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(2). Per the definitions of an AQI in the Texas Insurance Code and Texas Administrative Code, "[a] windstorm inspection may be performed only by" an AQI, and an AQI is an engineer appointed by the TDI as opposed to solely a "licensed profession engineer." Tex. Ins. Code Ann. § 2210.254(b); 28 Tex. Admin. Code § 5.4601. New Millennium brought a third-party claim against appellant for breaching its duties as an AQI. As such, according to the clear and unambiguous language of the statute, New Millennium must "file with their complaint" an affidavit of a third-party that "holds the same professional license or registration." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(2); *Pedernal Energy*, 536 S.W.3d at 492; *Melden & Hunt*, 520 S.W.3d at 893.

Having determined that New Millennium's certificate of merit is insufficient, we now decide whether the dismissal should be with or without prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e) (providing that "dismissal may be with prejudice"). We believe it is appropriate to remand the case to the trial court for a determination of whether the dismissal of New Millennium's claims should be with or without prejudice. *See id.*; *Pedernal Energy*, 536 S.W.3d at 495–96 (Tex. 2017) (holding that § 150.002(e) requires dismissal but provides that it is within the trial court's discretion whether to dismiss the claims with or without prejudice).

12

### III. CONCLUSION

We reverse the trial court's order denying appellant's motion to dismiss and remand the case to the trial court with instructions for the trial court to enter an order dismissing New Millennium's claims against appellant, to determine whether the dismissal should be with or without prejudice, and for any further proceedings consistent with this memorandum opinion.

JON WEST
Justice

Delivered and filed on the
20th day of March, 2025.